# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-561-STE |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.     PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 14-27). The Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 1, 2015, his alleged onset date. (TR. 16). At step two, the ALJ determined that Mr. Moses had the following severe impairments: Diabetes Type II with Polyneuropathy; Morbid Obesity; Spigellian [sic] Ventral Hernia; Lumbar and Cervical Degenerative Disc Disease and Degenerative Joint Disease; Osteoarthritis in the bilateral knees and left shoulder; Tobacco use; Thoracic Spine Pain; and Left Hip Pain. (TR. 17). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17).

At step four, the ALJ concluded that Mr. Moses was unable to perform any past relevant work. (TR. 25). Even so, the ALJ concluded that Mr. Moses had retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with the following limitations. He could lift and/or carry five pounds frequently and ten pounds occasionally. He could stand or walk for two hours in an eight-hour workday, and sit for six hours in an eight-hour workday. He could stand and/or walk up to 15 minutes at any one time. He could sit up to 120 minutes at any one time. He requires the ability to shift at will while seated, and can remain on task while shifting. He requires a stretch break of up to two minutes every 60 minutes, defined as an opportunity to stand and stretch. Pushing or pulling levers with the left upper extremity cannot be performed. There is no use of foot controls

operations bilaterally. He could not climb ladders, ropes, and scaffolds. Climbing ramps or stairs is limited to 15% of the workday. Stooping is limited to 15% of the workday. Crouching and squatting are limited to 15% of the workday. He could not kneel or crawl. Reaching bilaterally is limited to frequent, with the following additional reaching limitations: With the left upper extremity, reaching above the shoulder level is limited to 15% of the workday. Manipulative limitations bilaterally are limited to frequent. This individual must avoid all exposure to extreme heat and cold. He must avoid exposure to working on vibrating surfaces. He cannot use air or vibrating tools. He must avoid hazardous conditions or moving machinery, including motor vehicles. Moving machinery is defined machinery that does not have a fixed permanent base. He must avoid exposure to unprotected heights. He requires a cane to walk, but not to stand. He can perform work that is limited to simple routine repetitive tasks and simple decision-making. There could be no more than occasional interaction with the public, coworkers, and supervisors.

(TR. 18-19).

At the administrative hearing, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 45-47). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles that Mr. Moses could perform. (TR. 47-48). At step five, the ALJ adopted the testimony of the VE and concluded that Mr. Moses was not disabled based on his ability to perform the identified jobs. (TR. 27).

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUE PRESENTED

On appeal, Plaintiff alleges the ALJ committed legal error in failing to discuss an opinion from his treating physician, Malti Dave, M.D.

## V. ERROR IN THE CONSIDERATION OF DR. DAVE'S OPINION

For approximately four months, Dr. Dave treated Plaintiff for pain management, with visits documented on September 9, 2015; November 18, 2015; December 16, 2015; and January 20, 2016. (TR. 454-461). During the visits, Dr. Dave diagnosed Plaintiff with lumbar disc degeneration; diabetes mellitus with diabetic neuropathy; morbid obesity; chronic pain in multiple joints; osteoarthritis; and tobacco use disorder. (TR. 455, 457, 459, 461). As part of the December 16, 2015 visit, Dr. Dave also noted that due to Plaintiff's chronic pain, "[h]e can not go back to work yet." (TR. 457). Plaintiff argues that the ALJ committed legal error by ignoring Dr. Dave's opinion regarding Plaintiff's ability to return to work and did not otherwise explain the effect of the opinion on the ALJ's findings. (ECF No. 13:4-8).

In his brief, Mr. Moses outlines the legal framework for analyzing a medical opinion offered by a treating source, implying that the ALJ failed to follow the two-part analysis required by Tenth Circuit precedent. *See* ECF No. 4, 7-8; *see* also *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (noting that in evaluating a treating physician's

opinion, the ALJ must first determine and explain whether the opinion is entitled to controlling weight, and second, if no controlling weight is afforded, the ALJ must still assess the opinion utilizing a variety of factors). But Tenth Circuit precedent and the Social Security regulations clarify that this two-part analysis is reserved only to "medical opinions," which are defined as statements which reflect "judgments about the nature and severity of a claimant's impairment(s), including his symptoms, diagnosis and prognosis, what he can still do despite impairment(s), and his physical and mental restrictions." *Lackey v. Barnhart,* 127 F. App'x 455, 457 (10th Cir. 2005) (alterations and internal quotation marks omitted); *accord* 20 C.F.R. §§ 404.1527(a)(1); 416.927(a)(1).

The Commissioner contends that Dr. Dave's opinion regarding Plaintiff's inability to work would not be considered a "medical opinion." *See* ECF No. 16-8-9.[1] The Court agrees. Instead, the opinion involved an issue reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1); 416.927(d)(1) (stating that an opinion that the claimant was "unable to work" is reserved to the Commissioner; *see also* Social Security Ruling (SSR) 96–5p, 1996 WL 374183, Westlaw op. at *2 (July 2, 1996) (stating that the issue involving the existence of a "disability," under the Social Security Act, is reserved to the Commissioner). However, "opinions from any medical source on issues reserved to the Commissioner must never be ignored." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996). Rather, "the ALJ must evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources

---

[1] Mr. Moses argues only that the ALJ failed to evaluate Dr. Dave's opinion regarding Plaintiff's inability to work. (ECF No. 13:4-8). Thus, the Court need not decide whether the evidence from Dr. Dave had contained any "medical opinions," as that term is defined.

5

about issues reserved to the Commissioner." *Lackey*, 127 F. App'x at 457-58 (internal quotation marks omitted).

Defendant does not acknowledge the ALJ's duty to evaluate opinions on issues reserved to the Commissioner. *See* ECF No. 16. Instead, Ms. Berryhill states: "[T]he real question before this Court is whether the ALJ's RFC finding was reasonable and supported by substantial evidence." (ECF No. 16:9). The Court agrees with Defendant that judicial review involves a determination of "whether the factual findings are supported by substantial evidence in the record." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court's review also involves determining "whether the correct legal standards were applied." *Id.* Here, the ALJ committed legal error in failing to mention Dr. Dave's opinion regarding Plaintiff's inability to return to work. *See supra*. The Court reverses and remands based on this legal error, obviating the need to discuss whether the decision had been otherwise supported by substantial evidence.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on January 10, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE